# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| ERICA COOPER, | ) |
| Plaintiff, | ) |
| v. | ) Case Number: 2:18-cv-01254-JHE |
| ATLANTIC CREDIT & FINANCE INC., et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION[1]

Plaintiff Erica Cooper ("Cooper") brings this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, asserting that Defendants Atlantic Credit & Finance, Inc. ("Atlantic") and Midland Funding, LLC ("Midland") (collectively, "Defendants") violated 15 U.S.C. §§ 1692g(b) and 1692f, when Defendants sent a "Second Letter" that improperly "overshadowed" and/or "contradicted" the statutorily-required validation notice contained in the "First Letter" and constituted the use of unfair and unconscionable means to collect a debt. (Doc. 1). Defendants move to dismiss both claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[2] (Doc. 11 at 1). Plaintiff explains her opposition to dismissal in a response brief (doc. 17), and Defendants have filed a reply brief in support of their motion to dismiss (doc. 18). The motion to dismiss is therefore ripe for review. For the reasons explained below, the motion to dismiss (doc. 11) is **GRANTED**.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 19).

[2] Defendants assert that the motion is submitted without waiving, and specifically reserving, their right to arbitration. (Doc. 11 at 1, n.1 (citing *Hicks v. Am. United Life Ins., Co.*, No. 5:10-cv-01401-CLS, 2011 WL 13233202, at *11 (N.D. Ala. Jan. 19, 2011)).

1

## I. Background

In October 2017, Defendants sent Cooper two letters as part of their efforts to collect a debt (or "Account") Cooper owed on a credit card issued by Synchrony Bank, which she used to pay for dental services. (Doc. 1 at ¶¶ 8-9). The "First Letter," dated October 3, 2017, contained a "validation notice" that is required to be included with a debt collector's "initial communication" with a consumer. (*Id.* at ¶ 8; doc. 1-2). The validation notice advised Cooper of her statutory rights under 15 U.S.C. § 1692g(a), including her right to dispute the debt in writing within thirty days, which – if exercised – would require Defendants to suspend their collection efforts pending a response to her request for verification of the debt. (*See* doc. 1-2). The First Letter contained other basic elements, including informing Cooper that Midland had purchased or been assigned her Account and that her Account had been placed with Atlantic for collection. (Doc. 1-2). The First Letter further informed Cooper that she was obligated to pay the defaulted Account balance of $ 1,140.99, and directed her how to contact someone to discuss the debt. (*Id.*).

Before the expiration of the thirty-day validation period, Defendants sent Cooper a "Second Letter," dated October 13, 2017. (Doc. 1 at ¶ 9; doc. 1-3). The Second Letter states that its purpose was to inform Cooper that Midland was considering "forwarding [her] account to an attorney in [her] state for possible litigation." (Doc. 1-3). The Second Letter urged Cooper to call to discuss her options and presented two payment options "to resolve the . . . account[,]" specifically: (1) a one-time reduced repayment due 10/31/2017; and (2) biweekly payments as low as $ 25.00 until the balance was paid in full. (*Id.*). The Second Letter then stated: "These payment opportunities do not alter or amend your validation rights as described in the previous letter to you." (*Id.*). These letters are attached to the complaint as Exhibit B (doc. 1-2) and Exhibit C (doc. 1-3).

## II. Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or " a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678. (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 557).

Rule 12(b)(6), Fed. R. Civ. P., permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Because Cooper attached the First Letter and the Second Letter as exhibits to her complaint (docs. 1-2 & 1-3), the Court may consider both letters in determining whether she has stated a plausible claim for relief. *See Moore v. Nottee & Kreyling, P.C.*, No. 1:17-cv-1148, 2017 WL

3

8217642, at *1 (N.D. Ga. Oct. 12, 2017) (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997)).  Furthermore, "[w]hen exhibits contradict allegations, the exhibits control." *Boler v. Bank of Am., N.A.*, No. 2:17-cv-0303-JEO, 2017 WL 6555343, at *5 (N.D. Ala. Dec. 22, 2017).

### III. Analysis

**A. Section 1692g(b) – May Not Overshadow or Be Inconsistent with Validation Notice**

Defendants argue that Cooper fails to state a claim under § 1692g(b) because nothing in the Second Letter "overshadows" or "contradicts" the notice of validation rights contained in the First Letter.  (Doc. 11 at 4-11; doc. 18 at 2-9).  Section 1692g(a) of the FDCPA requires a debt collector to send the consumer an effective validation notice either in its initial communication with the consumer or within five days after that initial communication.  This "validation notice," which Defendants included in their First Letter, must inform the consumer that she has thirty days after receipt to challenge the validity or amount of the debt and seek verification of the debt.  15 U.S.C. § 1692g(a).  After the thirty-day validation period expires, the debt collector may assume the debt is valid.  15 U.S.C. §1692g(a)(3).  If the consumer exercises her right to dispute the debt within the thirty-day period, the debt collector must suspend its collection efforts pending a response to her request.  15 U.S.C. § 1692g(b).  If the consumer does not challenge the validity of the debt during this time (or before she challenges it), collection activities and communications that do not otherwise violate the FDCPA may continue. *Id.*

In cases such as here, where the consumer had not exercised her validation rights, the validation period does not operate as a grace period. *See Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 416 (7th Cir. 2005). Because the debtor's right to dispute the debt coexists with the debt collector's right to collect, the FDCPA attempts to strike a balance by enumerating certain

limitations on a debt collector's activities and communications during the validation period. *See Durkin*, 406 F.3d at 416. One of these limitations is that such activities and communications "may not overshadow or be inconsistent with the disclosure of the consumer's rights to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b). The court evaluates whether overshadowing or contradiction occurred under the "least sophisticated consumer" standard and looks at whether the debt collector's language and tactics are being employed to mislead the least sophisticated recipients of its debt collection letters. *See Leblanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193-94 (11th Cir. 2010).

Cooper alleges that Defendants' Second Letter violated this section of the FDCPA by demanding payment/action before the end of the thirty-day validation period and by threatening litigation. (Doc. 1 at ¶¶ 13-16). Defendants contend these allegations are belied by the language of the Second Letter. (Doc. 11 at 2-3). To determine whether anything in the Second Letter "overshadowed" or "contradicted" the validation notice, the court must carefully examine the language of the letters. The Second Letter states in full as follows:

> Atlantic Credit & Finance has made several attempts to contact you regarding this account. This letter is to inform you that Midland Funding, LLC is considering forwarding this account to an attorney in your state for possible litigation. Upon receipt of this notice, please call 800-888-9419 to discuss your options.
>
> If we don't hear from you or receive payment, Midland Funding, LLC may proceed with forwarding this account to an attorney.
>
> Atlantic Credit & Finance would like to make arrangements with you to resolve the above-referenced account using the following options:
>
> 1) A one time repayment amount of $798.69 to be due on 10/31/2017;
> 2) Bi weekly payments as low as $25.00 until balance is paid in full.
>
> These payment opportunities do not alter or amend your validation rights as described in our previous letter to you. Please contact our office at 800-888-9419 to take advantage of one of the above options. Once you have completely fulfilled one of the above payment arrangements you will be released from this obligation.

> We are not obligated to renew this offer.
>
> Thank you for your cooperation in resolving the matter.

(Doc. 1-3). The Second Letter closes by providing Atlantic's office hours. (*Id.*).

As an initial matter, the Second Letter expressly disclaims any effect it might have on Cooper's validation rights, reaffirms those rights, and specifically references the "previous letter" when doing so. (Doc. 1-3) ("These payment opportunities do not alter or amend your validation rights as described in our previous letter to you."); *see Stokes v. Transword Sys., Inc.*, 2013 WL 592276, *6 (D.N.J. Feb. 14, 2013); *Weber v. Computer Credit, Inc.*, 259 F.R.D. 33, 41 (E.D.N.Y. 2009) (stating that when multiple letters are sent, those letters are to be read together on the assumption that even the least sophisticated consumer would not throw away such important communications). Thus, when reading the Second Letter, even the least sophisticated consumer would be triggered to look back at the First Letter, which outlines her validation rights, and determine how the contents of the two letters fit together. This express disclaimer, reaffirmation, and reference must be considered along with any information regarding payment or possible litigation. With this considered, the Second Letter did not demand payment prior to the end of the validation period or "threaten litigation" if payment was not received during the validation period such that it would overshadow or contradict the validation notice contained in the First Letter.

### 1. Demand for Immediate Payment

The Second Letter did not demand payment prior to the end of the validation period such that the validation notice would have been contradicted or overshadowed. To the contrary, the Second Letter provided two specific payment opportunities, one of which was a settlement offer that expired before the end of the validation period. This is permissible; a debt collector is free to provide a deadline by which a settlement offer will expire that is less than thirty days. *Vu v.*

*Diversified Collection Servs., Inc.*, 293 F.R.D. 343, 360-61 (E.D.N.Y. 2013); *Omogbeme v. Rish Mgmt. Alternatives, Inc.*, 2003 WL 21909773, at *3 (E.D.N.Y. Aug. 4, 2003). Cooper's contention that the Second Letter did not indicate this was a settlement that would satisfy the debt (doc. 17 at 12) is in stark contrast to the Second Letter. The second payment opportunity presented was a structured payment plan and imposed no timeframe to respond. The Second Letter states that each payment opportunity is "to resolve the above-referenced account" and later states that "[o]nce you have completely fulfilled one of the above payment arrangements you will be released from the obligation." (Doc. 1-3). Furthermore, immediately following the two listed payment opportunities, the Second Letter stated that such opportunities "do not alter or amend your validation rights as described in our previous letter to you." (*Id.*). Applying the least sophisticated consumer standard, it is not plausible that such a proper payment opportunity would overshadow or contract the debtor's validation rights, especially when those rights are expressly stated in the following sentence as here.

Nothing else in the Second Letter can be read to demand payment during the validation period. For example, the Second Letter contained language explaining that its purpose "[was] to inform you that . . . ," that "[u]pon receipt of this notice, please call . . . to discuss your options[,]" and that "[i]f we don't hear from you or receive payment, [Midland] may proceed with forwarding this account to an attorney." (Doc. 1-3). Furthermore, the Second Letter states Atlantic "would like to make arrangements with [Cooper] to resolve the above-referenced account using one of the following options." (*Id.*). The Second Letter is a "notice" intended to "inform" Cooper of her "options." It requests that she contact Atlantic to discuss options and never demands immediate payment. Furthermore, although it mentions the possibility of forwarding the account to an attorney, such language is permissible and is stated in connection with requesting Cooper call or

make a payment.

Defendants have shown that nothing in the Second Letter (either in isolation or as a whole) can be conceivably or plausibly construed as a demand for payment during the validation period. Cooper's reliance on *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997) to argue otherwise is misplaced. *Bartlett* held that a letter with the following language contradicted the rights set forth in the validation notice: "if you wish to resolve this matter before legal action is commenced, you must do one of two things within one week of the date of this letter[:]" either (1) make a payment or (2) contact the creditor. 128 F.3d at 499. In *Bartlett*, this demand and the validation notice were in the same letter. *Id.* In this case, the Second Letter contains no such contradictory instructions or demands and expressly references and reaffirms the validation notice contained in the First Letter.

### 2. Threatening Litigation

The text of the Second Letter also undermines Cooper's allegations that Defendants improperly threatened litigation such that a least sophisticated consumer would find the validation notice contradicted or overshadowed. As noted above, the debtor's right to dispute the debt coexists with the debt collector's right to collect during the thirty-day validation period. 15 U.S.C. § 1692g(b); *Durkin*, 406 F.3d at 416. The Second Letter states that Midland "is considering forwarding th[e] account to an attorney . . . for possible litigation" and "[i]f we don't hear from your or receive payment, [Midland] may proceed with forwarding this account to an attorney." (Doc. 1-3). This language is within Defendants' right to continue collection efforts during the validation period. *See id.* (". . . [A] debt collector can bring a lawsuit during the validation period in an effort to collect a debt"). In addition to the Second Letter referencing and reaffirming the validation rights described in the First Letter, the language of the Second Letter does not indicate

8

the time for disputing the debt has passed or misrepresent/confuse the amount of time remaining to dispute the debt. To the contrary, this language strongly encourages the debtor to contact the debt collector or pay the debt by informing her of the possible negative consequences.

Because the Second Letter does not contain any overt misinformation, apparent contradiction, or noticeable lack of clarity concerning the validation period or the debtor's rights under § 1692g, Cooper fails to state a plausible claim for violation of 15 U.S.C. § 1692g(b). As such, Count I of the complaint is due to be dismissed pursuant to Rule 12(b)(6), Fed. R. Civ. P.

**B. Section 1692f – Prohibiting Unfair or Unconscionable Means to Collect a Debt**

Defendants argue that Cooper fails to state a claim under § 1692f. (Doc. 11 at 11-4; doc. 18 at 10-11). Section 1692f is a catch-all provision that provides "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . ." 15 U.S.C. § 1692(f). Since the FDCPA does not define "unfair" or "unconscionable," the common usage of the words determines their meaning. "Unfair" is defined as "marked by injustice, partiality, or deception." MERRIAM WEBSTER'S COLLEGIATE DICTIONARY 1290 (10th ed.1996); *see also LeBlanc*, 601 F.3d at 1200. A step beyond unfair, "unconscionable" is defined as "shockingly unfair or unjust." MERRIAM WEBSTER'S COLLEGIATE DICTIONARY 1286; *see* BLACK'S LAW DICTIONARY 1757 (10th ed. 2014) ("having no conscience; unscrupulous ... showing no regard for conscience; affronting the sense of justice, decency, or reasonableness").

Cooper fails to allege any conduct beyond that which she asserts violates § 1692g(b) to support this § 1692f claim. (Doc. 1). Thus, Cooper does not specifically identify any conduct or communication that was unfair or unconscionable in addition to her allegations regarding the Second Letter overshadowing or contradicting the validation notice. (*Id.*). As other courts have noted, although § 1692f is a "catch-all" provision, it is not a free-for-all. *Miljkovic v. Shafritz &*

*Dinkin, PA*, 791 F.3d 1291, 1308 (11th Cir. 2015). To proceed under § 1692f, Cooper is required to allege facts showing that the least sophisticated consumer would have viewed Defendants' Second Letter as "marked by injustice, partiality, or deception" or "shockingly unfair or unjust." 15 U.S.C. § 1692f. There are no such allegations here.

Cooper's arguments to the contrary are unpersuasive. As an initial matter, Cooper points to no case where a court has held that allegations that fail to state a claim pursuant to § 1692g(b) based on collection practices during the validation period are nevertheless evaluated under the catch-all provision of § 1692f. (*See* doc. 17 at 13-15). While Cooper cites a few cases standing for the proposition that certain conduct may state a claim under one or more provisions of the FDCPA, it does not follow that conduct that is expressly allowed under one provision of the FDCPA (§ 1692g(b)) is actionable under another (§ 1692f). The purpose of a catch-all provision is to address conduct that is not addressed under the enumerated provisions of a statute. Because § 1692g(b) specifically addresses permissible collection practices and communications during the validation period, Eleventh Circuit case law suggests that the same conduct held not actionable under §1692g(b) cannot a state a claim under § 1692f's catch-all provision. *See LeBlanc*, 601 F.3d at 1200 & n.31. As this Court has recently stated, "where both claims are based on the same facts, the failure to state a claim under [one section of the FDCPA] means that the plaintiff has also failed to state a claim under § 1692f." *Trichell v. Midland Credit Mgmt., Inc.*, No. 4:18-cv-00132-ACA, 2018 WL 4184570, *5 (N.D. Ala. Aug. 31, 2018) (appeal pending); *see also Miljkovic*, 791 F.3d at 1308. Accordingly, Count II of the complaint is due to be dismissed for failure to state a claim pursuant to Rule 12(b)(6), Fed. R. Civ. P.

### IV. Conclusion

Because Cooper has failed to state a claim upon which relief can be granted, Defendants'

motion to dismiss (doc. 11) is **GRANTED**, and the action **DISMISSED**.  A separate order will be entered.

    DONE this 10th day of May, 2019.

                                            **JOHN H. ENGLAND, III**
                                            UNITED STATES MAGISTRATE JUDGE